IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GARRETT STEPHENSON, GATEWAY RECRUITING, LLC, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br>*Plaintiffs*<br><br>-vs-<br><br>RACKSPACE TECHNOLOGY, INC,<br>*Defendant* | § § § § § § § § § § § § | SA-22-CV-01296-XR |
| DAVID LETHE, JAKE VINSON, VOIP CITADEL, LLC, RICHARD ACKERMAN,<br>*Plaintiffs*<br><br>-vs-<br><br>RACKSPACE TECHNOLOGY, INC.,<br>*Defendant* | § § § § § § § § § § § | SA-22-CV-01378-XR |

## ORDER

On this date, the Court considered the status of *Lethe et al. v. Rackspace Technology, Inc.*, No. 5:22-cv-1378-XR ("*Lethe* Action"). After careful consideration, the *Lethe* Action is **CONSOLIDATED** under *Garrett Stephenson et al.. v. Rackspace Technology, Inc.*, No. 5:22-cv-1296-XR ("*Stephenson* Action").

These cases arise from a cybersecurity incident purportedly discovered and announced by Defendant Rackspace Technology, Inc. ("Rackspace") on or about December 2, 2022, in which unauthorized individuals seemingly gained access to Defendant's information network. Garrett Stephenson and Gateway Recruiting, LLC ("Gateway") filed the first-filed class action on December 5, 2022, seeking damages, injunctive and equitable relief in connection with the security incident. *Stephenson* Action, ECF No. 1. A second class action arising out of the

security incident was filed the next day by Chris Ondo. *Chris Ondo v. Rackspace Technology, Inc.*, No. 5:22-cv-1306-XR ("*Ondo* Action"), ECF No. 1.

On December 12, 2022, the Court granted the *Stephenson* and *Ondo* Plaintiffs' motion to consolidate the cases under the *Stephenson* Action. *See Stephenson* Action, ECF No. 8; *see also* ECF No. 9 (Amended Order). On December 23, 2022, the Court consolidated a third case arising out of the data breach, *Q Industries, Inc. et al. v. Rackspace Technology, Inc.*, No. 5:22-cv-1322-XR ("*Moser* Action"), under the Stephenson Action. *See Stephenson* Action, ECF No. 13.

On December 22, 2022, a fourth class action was filed against Rackspace in connection with the data breach by David Lethe, Jake Vinson, VOIP Citadel, LLC, and Richard Ackerman. The Court now considers whether consolidation of the *Lethe* Action under the *Stephenson* Action is appropriate.

Federal Rule of Civil Procedure 42(a) provides that if actions "involve a common question of law or fact," the court may "consolidate the actions" or "issue any other order to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973).

In determining whether consolidation is appropriate, the district court examines factors that include the following: (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time

for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately. *See Harris v. Bexar Cnty.*, No. SA–08–CV–728–XR, 2009 WL 4059092, at *1 (W.D. Tex. Nov. 23, 2009); *Russo v. Alamosa Holdings, Inc.*, No. Civ. A. 5:03–CV–312–C, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004).

The Court concludes that the consolidation of the *Lethe* Action under the *Stephenson* Acton is appropriate. The actions are now pending before the same court. They involve common questions of law and fact. Indeed, while the named Plaintiffs are different, both cases are putative class actions seeking to represent the same of group of putative litigants affected by the same data breach. Both include substantially the same federal and state claims for relief and seek the same or similar declaratory and injunctive relief, requiring Defendant to implement and maintain adequate security measures, along with damages. Moreover, there is no risk of prejudice, confusion, or unfair advantage if the cases are consolidated, and the interests of judicial economy dictate that the matters be consolidated.

## CONCLUSION

The Court hereby **ORDERS** that SA-22-CV-01378-XR be consolidated into the lead case, SA-22-CV-01296-XR, which was first filed. It is **FURTHER ORDERED** that all future filings be filed in SA-22-CV-01296-XR.

Given these circumstances, the Court concludes that SA-22-CV-01378-XR is appropriate for administrative closure. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014). The Clerk's Office is therefore **DIRECTED** to administratively close SA-22-CV-01378-XR pending further order of the Court.

This case is set for an in-person status conference and hearing on all pending motions, if any, on **Friday, January 13, 2023** at **10:30 a.m.** in Courtroom H, United States Courthouse, 262

West Nueva, San Antonio, Texas 78207. If the parties wish to proceed via Zoom, they must notify the Courtroom Deputy, Sylvia Fernandez, at least 48 hours in advance. The parties should be prepared to discuss all pending motions and the administration of this case.

Plaintiffs to the consolidated action are **DIRECTED** to provide a courtesy copy of this order to any known counsel for Rackspace.

It is so **ORDERED**.

**SIGNED** this 29th day of December, 2022.

                                                  XAVIER RODRIGUEZ
                                                  UNITED STATES DISTRICT JUDGE